IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHEANETER J. BOGAN                                                                                      PLAINTIFF

V.                                                                    CIVIL ACTION NO.: 1:14-cv-225-SA-DAS

MTD CONSUMER GROUP, INC.                                                                        DEFENDANT

MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses [122]. Defendant responded and Plaintiff replied.

*Facts and Procedural History*

Plaintiff Bogan initially brought suit against Defendant MTD on December 16, 2014, alleging discriminatory termination on the basis of her age, race, and sex and unlawful retaliation under Title VII. Bogan voluntarily dismissed with prejudice her claim of retaliation against MTD and additionally conceded the dismissal with prejudice of her age discrimination claim. Therefore, the Court examined the remaining race and gender claims in its Memorandum Opinion issued July 1, 2016 and found that questions of fact prevented summary adjudication.

After the Court denied MTD's Motion for Summary Judgment regarding Bogan's race and gender claim, Bogan's case was tried before a jury. On January 20, 2017, the jury returned a verdict for Bogan, but awarded only nominal damages in the amount of $1.00. Thereafter, both parties filed post-trial motions. Bogan's motion to alter or amend the judgment to award back pay was denied, as was her Motion for Reinstatement or Front Pay. The Court also denied MTD's Motion for Judgment as a Matter of Law.

Plaintiff Bogan now moves the Court to award reasonable attorneys' fees as provided under Title VII of the Civil Rights Act.

*Standard*

The United States Supreme Court has provided that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The product of these two factors is called the "lodestar." *League of United Latin Am. Citizens (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The plaintiff bears the burden of proving the reasonableness of the number of hours claimed. *Hensley*, 461 U.S. at 437, 103 S. Ct. 1933; *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996). Attorneys' fees are awarded only for those lawyer hours that are reasonably necessary to adequately prosecute the case. *Id.*, at 434, 103 S. Ct. 1933. The plaintiff also bears the burden of proving the reasonableness of the rates charged. *Blum v. Stenson*, 465 U.S. 886, 896, n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891, 900 n.11 (1984).

When evaluating the reasonableness of the fee request, the court must consider the factors described in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

488 F.2d 714, 717–19 (5th Cir. 1974). Finally, to determine a reasonable hourly rate, the court must consider the "prevailing market rates in the relevant community", supported by evidence in the record. *LULAC*, 119 F.3d at 1234.

*Analysis and Discussion*

Title VII has two attorney's fees provisions relevant to Plaintiff's cause. First, there is a general provision that allows the grant of attorney's fees to the "prevailing party." 42 U.S.C. § 2000e-5(k). Defendant argues that Plaintiff has failed to prove an essential element of her claim, as indicated by the nominal award. Therefore, Defendant argues that Plaintiff is not a true prevailing party and that attorneys' fees are thus unavailable.

Generally, to be a prevailing party, the plaintiff must recover damages, an injunction, or some other binding legal relief. *See Peterson v. Bell Helicopter Textron, Inc.*, 807 F.3d 650, 651 (5th Cir. 2015) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (award of attorney's fees only proper where there is a judicially sanctioned change in the parties' legal relationship); *see also Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (to qualify as a prevailing party, "[t]he plaintiff must obtain an enforceable judgment . . . or comparable relief through a consent decree or settlement").

However, the Supreme Court held in *Farrar v. Hobby* that a denial of fees is reasonable when the suit is primarily for compensatory damages and the jury awarded none. 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d. 494 (1992). Thus, although a plaintiff who receives nominal damages is considered a prevailing party, the Supreme Court held that "when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115, 113 S. Ct. 566*; see also*, *Grisham v. City of Fort Worth, Texas*, 837 F.3d 564, 569 (5th Cir. 2016) (applying the *Farrar* rationale to Title VII cases).

However, where both legitimate and illegitimate reasons motivated an employer's adverse employment action, a different provision is applicable:

> On a claim in which an individual proves a violation under section 2000e–2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court . . . may grant . . . attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e–2(m) of this title.

42 U.S.C. § 2000e-5(g)(2)(B). The Fifth Circuit has made clear that a plaintiff does not have to be a prevailing party to receive attorneys' fees under the latter section. *Peterson*, 807 F.3d at 651 (citing *Garcia v. City of Houston*, 201 F.3d 672, 677–79 (5th Cir. 2000) (affirming award of attorney's fees where the plaintiff obtained no other meaningful relief).

Citing the latter section, 42 U.S.C. § 2000e–5(g)(2)(B)(i), during post-trial motions, Defendant insisted that Plaintiff's Title VII and compensatory remedies were limited, because Defendant had demonstrated that it would have taken the same action in the absence of the impermissible discriminatory factor. *Piatt v. City of Austin*, 435 F. App'x 408, 411-12 (5th Cir. 2011); *accord Garcia*, 201 F.3d at 676. The Court accepted Defendant's argument in its Memorandum Opinion denying all post-trial relief [122]. Though Defendant now argues that Plaintiff's lack of success at trial should bar attorney's fees altogether, the history of the case indicates that Defendants were motivated at least in part by a discriminatory purpose, even if they may have terminated Plaintiff for other reasons. The record and the jury's decision to award nominal damages indicate that Plaintiff's injury under Title VII was legitimate, though not monetary in nature.

Therefore, Plaintiff is entitled to attorney's fees under the latter statute, 42 U.S.C. § 2000e-5(g)(2)(B), and the Court considers the limited degree of Plaintiff's success in its calculation of

4

the amount. *See Garcia*, 201 F.3d 672 at 679 (affirming the district court's reduction to one fourth of the fees requested).

In order to determine the reasonableness of the fees, the Court must first determine the "lodestar," or "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433 103 S. Ct. 1933. Plaintiff has provided an itemization of costs, expenses, and time, indicating that Attorney Jim Waide spent 122.75 hours on Plaintiff's case, Attorney Ron Woodruff worked 66.75 hours, Attorney Rachel Pierce Waide worked 7.25 hours, and firm paralegals worked 26.25 hours. Plaintiff attests that such amount of time is reasonable, and Defendant does not contest. Nor do the parties disagree regarding the first five of the *Johnson* factors. For example, the parties agree that the case did not involve novel issues, but that the skill required to try civil rights cases is high. Further, Plaintiff's attorney concedes that his office was not precluded from other employment by accepting this case.

Additionally, Plaintiff attests that Jim Waide's customary fee is $400.00 per hour for his own work, $250.00 per hour for Ron L. Woodruff's work, and $250.00 per hour for Rachel Pierce Waide's work. Plaintiff has contributed declarations from other Mississippi attorneys attesting to the reasonable nature of the hourly rate, as proof of its customary nature. For example, Taylor B. Smith, another employment defense lawyer, submitted his declaration that fees of $350.00 per hour for a non-contingent case and that fees substantially more than $350.00 per hour in a contingent case are appropriate for Mr. Waide. Again, Defendant does not dispute whether the hourly rates for the attorneys is customary. Therefore, the full, uncontested lodestar amount is $71,493.75.

However, the parties disagree regarding the importance of the fifth factor: whether the fee is fixed or contingent. Plaintiff urges the court to consider the special attorney-client contract in

5

this case, wherein Plaintiff and her attorneys agreed to share equally any amount of attorneys' fees awarded. Conversely, Defendant argues that the contingency factor was effectively made void in *City of Burlington v. Dague*, 505 U.S. 557, 565, 112 S. Ct. 2638, 2643, 120 L. Ed. 2d 449 (1992). The Fifth Circuit has interpreted *Burlington*, agreeing that the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees beyond the lodestar. *See Shipes*, 987 F.2d 311. Therefore, the Court will not increase the attorney's fees from the lodestar of $71,493.75 based on the sixth factor.

The seventh factor is neutral, but the Defendant strongly contests the eighth factor—the amount involved and the results obtained. First, Defendant argues that because Plaintiff conceded two of the four claims initially brought, awarding the entire lodestar amount would be excessive because MTD "should not be required to pay attorneys' fees for a claim on which Bogan was not successful." Second, Defendant argues that the meager award of nominal damages limits the award of attorney's fees as well. "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440, 103 S. Ct. 1933. In the case at bar, each of Plaintiff's original claims were discrimination based and were all substantially related to each other. Therefore, Defendant's first argument does not warrant a substantial decrease of award. However, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id*.

The Court is guided by the Fifth Circuit's approach in *Garcia*, 201 F.3d 672. There, the plaintiff proved that race was a motivating factor regarding promotions in the Houston Police Department. The plaintiff, as here, was awarded no meaningful monetary damages or injunctive relief. However, Title VII entitled him to an award of attorneys' fees because he was able to prove

that race was at least a factor in the adverse employment decision. The Fifth Circuit approved the District Court's 75% reduction in the requested fees, to reflect the Plaintiff's limited success. Indeed, the Supreme Court has twice made clear that "the most critical factor" in determining the reasonableness of a fee award in a civil rights suit "is the degree of success obtained." *Farrar*, 506 U.S. at 114, 113 S. Ct. 566 (quoting *Hensley*, 461 U.S. at 436, 103 S. Ct. 1933). Awards in similar cases reflect similar results. *See Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432 (5th Cir. 2017); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) ("[T]he District Court abused its discretion by failing to give adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the result sought"); *Hodges v. City of Houston*, 71 F.3d 877 (5th Cir. 1995); *Cox v. City of Jackson*, No. 3:94-CV-623WS, 2005 WL 6932327 (S.D. Miss. Mar. 31, 2005). Therefore, the 12th factor weighs in favor of a decrease, as well.

Plaintiff's attorneys were unquestionably experienced and able, and both parties agree that the case was no less desirable than cases similar to Plaintiff's case. The length of the professional relationship between attorney and client was typical; therefore, the ninth, tenth, and eleventh factors are neutral or weigh in Plaintiff's favor.

In light of the foregoing analysis, the Court awards the calculated lodestar fee of $71,493.75 reduced by 75% to reflect the overall lack of success this lawsuit obtained for the Plaintiff. Thus, the award of fees is $17,873.44.

*Costs*

Title VII grants district courts award to apply costs, including "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services" to the prevailing party, such as postage, photocopying, paralegal services, long distance telephone charges, and travel costs. *Mota v. Univ. of Texas Houston Health*

7

*Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Furthermore, under 28 U.S.C. § 1920, a court may tax the following costs: fees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.

Plaintiff requests $5,720, the majority of which is comprised of taxable costs as defined by Section 1920. Defendant disputes the award of Section 1920 costs, but the remainder of the costs are undisputed. The Court finds that Plaintiff's exhibits to its Motion for Attorney's Fees, Costs, and Expenses justify an award in accordance with the costs listed therein. Thus, the Court grants the award of $5,720 in costs.

*Conclusion*

Plaintiff's Motion for Attorney's Fees, Costs and Expenses is GRANTED, but not to the extent requested. Pursuant to the proper application of the *Johnson* factors, such as the awards granted in similar cases, and in consideration of the limited success obtained by the Plaintiff, the lodestar requested shall be reduced by 75%, resulting in a grant of $17,873.44 in attorneys' fees. Furthermore, Plaintiff is awarded costs of $5,720.

SO ORDERED this the 3rd day of January 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE