IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHEANETER J. BOGAN                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:14-CV-225-SA-DAS

MTD CONSUMER GROUP, INC.                                                        DEFENDANT

ORDER

Sheaneter Bogan filed this case in December of 2014 alleging that she was fired from MTD Consumer Group, Inc., because of her race and sex. After a four-day trial in January of 2017, the jury found that MTD discriminated against Bogan on the basis of her race and/or gender. While the jury was instructed to determine compensatory damages and back pay, the jury awarded Bogan only $1.00 in nominal damages. This Court denied both reinstatement and front pay and the Plaintiff appealed this Court's decision not to award prospective relief to the Fifth Circuit Court of Appeals. Pursuant to the Judgment [137] issued by the Fifth Circuit, the Court now reconsiders the factors relied upon in denying Bogan's reinstatement, mindful of the unusual situation presented in this case in which no prospective relief was awarded after a finding of discrimination.

*Background and Procedural History*

Bogan worked at MTD Consumer Group for twenty years until her termination in 2013. The Plaintiff began in unskilled positions but was eventually promoted to Machinist in the Tool and Die department after completing the requisite coursework. While pursuing the Tool and Die position, Bogan also began going to school for a degree in social work. Her supervisors initially accommodated her class schedule with flexible work hours. In the fall of 2012, Bogan was notified that she had to work a normal shift because company policy only allowed flexible hours for work-related schooling. Despite this decision, Bogan continued to work irregular hours and attended social work classes during work hours. When her supervisor learned that she was still attending

classes, he suspended her. MTD then terminated Bogan, allegedly because she came back from lunch late. Bogan unsuccessfully appealed her termination to an employee review board. After receiving a right-to-sue letter from the EEOC, Bogan filed suit in this Court. After a verdict in her favor, and a nominal monetary award of $1.00 but no prospective relief, Bogan appealed to the Fifth Circuit.

The Fifth Circuit found no clear error with this Court's denial of front pay and instead focused on the Court's denial of reinstatement. The Fifth Circuit held that the Court should not have considered two of the four factors relied upon in denying reinstatement and remanded to this Court to reconsider whether reinstatement would further the remedial goals of Title VII.

*Remedial Goals of Title VII*

Title VII provides relief for victims of unlawful employment discrimination. 42 U.S.C. § 2000e-5(g)(1). "Congress designed the remedial measures in [this statute] to serve as a spur or catalyst to cause employers to self-examine and to self-evaluate their employment practices and to endeavor to eliminate, so far as possible, the last vestiges of discrimination." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 358, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995) (citation and internal quotations omitted). The remedial purposes of Title VII include 1) providing a sufficient remedy to make plaintiffs whole for injuries suffered due to unlawful discrimination and 2) deterring employers from continuing prohibited conduct. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S. Ct. 2362, 45 L. Ed. 2d 280 (1975). "The general rule is, that when a wrong has been done, and the law gives a remedy, the compensation shall be equal to the injury. The latter is the standard by which the former is to be measured." *Id.* (citing *Wicker v. Hoppock*, 73 U.S. 94, 18 L. Ed. 752 (1867)).

Courts have found that reinstatement is the preferred equitable remedy under Title VII, as it is most consistent with Title VII's "make-whole" philosophy. *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1469 (5th Cir. 1989). Before deviating from this preference, the Court must first "consider 'and adequately articulate' its reasons for finding reinstatement to be infeasible." *Palasota v. Haggar Clothing*, 499 F.3d 474, 489 (5th Cir. 2007) (quoting *Julian v. City of Houston*, 314 F.3d 721, 729 (5th Cir. 2002). The Fifth Circuit has enumerated a number of factors to determine the feasibility of reinstatement, including whether the positions now existing are "comparable to the plaintiff's former position and whether reinstatement would require an employer to displace an existing employee," and "whether the plaintiff has changed careers and whether animosity exists between plaintiff and his former employer." *Palasota*, 499 F.3d at 489 (citations omitted). If the Court finds that reinstatement is infeasible, the Court must consider whether front pay is appropriate. *Hansard*, 865 F.2d at 1469.

Although the preferred equitable relief is reinstatement, the Fifth Circuit has held that front pay is appropriate when reinstatement is not feasible. *Id*. "Front pay" is an equitable remedy awarded to compensate for future lost earnings. *Id*. Even if a court determines that reinstatement is not appropriate, front pay is still not automatic. *Davis v. Combustion Engineering, Inc.*, 742 F.2d 916, 922-23 (6th Cir. 1984) (holding that "front pay does not lend itself to a per se rule."). "Front pay may be denied or reduced when the employee fails to mitigate damages by seeking other employment." *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991); *Hansard*, 865 F.2d at 1470 (collecting cases).

*Reinstatement*

Under Section 2000e-5(g), the court may order "such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement." Title 42 U.S.C. 2000e-

5(g)(1). "The district court judge is in the best position to make a determination regarding the feasibility of reinstatement because [she] is able to witness, first hand, the evidence presented at trial along with post-trial motions and hearings before the court." *Weaver v. Amoco Production Co.*, 95 F.3d 52 (5th Cir. 1996). In denying Bogan's reinstatement, this Court relied upon four factors, 1) Bogan's position no longer exists as it did during her employment, 2) Bogan intended to change careers to social work, 3) MTD would have terminated Bogan in the absence of any purported discrimination because of her inability to follow the rules and her attitude, and 4) discord between the Parties. The Fifth Circuit found the Court's reliance on the third and fourth factors improper. The Court now reconsiders its decision not to reinstate Bogan in light of the Fifth Circuit's decision and guidance.

1) Bogan's position no longer exists as it did during her employment

The Defendant presented evidence that the Wire EDM machine Bogan operated is now run with little oversight and no longer requires a primary operator. *See Warren v. County Com'n of Lawrence County, Ala.*, 826 F. Supp. 2d 1299, 1307-1308 (N.D. Ala. Dec. 1, 2011) (noting that reinstatement is inappropriate when there is no comparable open position for the plaintiff to fill). Indeed, after Bogan's termination, MTD did not hire anyone to operate Bogan's machine. Instead, MTD assigned two other employees to operate this machine in addition to performing their other job duties. The Defendant also presented evidence that reinstating Bogan would require substantial training, as the machine and process she worked on has been through several major updates since her termination. Finally, the Defendant indicated that the budget within the Tool and Die department would not allow for any more positions, because MTD lost business since Bogan's termination. *See Palasota*, 499 F.3d at 489 (citing *Gamble v. Birmingham Southern R.R. Co.*, 514

4

F.2d 678, 684 (5th Cir. 1975)). Given the evidence presented, the feasibility of returning the Plaintiff to her old position is largely impracticable. This factor weighs against reinstatement.

2) Bogan intended to change careers to social work

After Bogan's termination from MTD, she attended school to complete her degree in social work. Bogan later obtained her social work degree and applied for seminary but did not attend. Since her termination from MTD, Bogan worked for a Toyota supplier in Mantachie, Mississippi in Control Sorting, but was terminated for parking in the customer lot after being warned not to do so. After her termination from the Toyota supplier, Bogan again indicated her desire to change careers by applying for counseling positions at a hospital, hospice nursing homes, and day cares. Due to Bogan's desire to change careers, this factor weighs against reinstatement. *Palasota*, 499 F.2d at 489.

3) MTD would have terminated Bogan in the absence of any purported discrimination because of her inability to follow the rules and her attitude.

Pursuant to the Fifth Circuit's opinion, the Court notes that the jury rejected this defense by finding in favor of Bogan instead of MTD. Considering the surrounding caselaw, it is improper for the Court to override the jury's factfinding on this question when deciding equitable relief. *Bogan v. MTD Consumer Group, Inc.*, 919 F.3d 332, 338 (5th Cir. 2019) (collecting cases). Therefore, this factor weighs in favor of reinstatement.

4) Discord between the Parties

When relying on this element, the Court should cite "specific instances of discord" for the acrimony to justify denying reinstatement. *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992).

5

Pursuant to the Fifth Circuit's opinion, the Court has reviewed the record. While the Court did not find sufficient specific instances of discord to support denial of reinstatement, this factor does not alone support an alternate result, particularly in light of the other factors which weigh heavily against restatement. *See Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 728 (2nd Cir. 1984) (explaining that reinstatement may not always be possible if there is no position available for the plaintiff at the time or judgment, *or*, if the employer-employee relationship was irreparably damaged).

For all of these reasons, the Court finds that reinstatement is not practicable or feasible in this particular case.

*Front-Pay*

Front pay compensates the plaintiff for lost income from the date of the judgment to the date the plaintiff obtains the position she would have occupied but for the discrimination. *Floca v. Homcare Health Services, Inc.*, 845 F.2d 108, 112 (5th Cir. 1988). Plaintiffs have a statutory duty to minimize damages. *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990). "[T]he duty of a successful Title VII claimant to mitigate damages is not met by using reasonable diligence to obtain *any* employment. Rather the claimant must use reasonable diligence to obtain 'substantially equivalent' employment." *Sellers*, 902 F.2d at 1193 (citing *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231, 102 S. Ct. 3057, 3065, 73 L. Ed. 2d 721 (1982)). A plaintiff's failure to mitigate her damages, however, "will usually reduce or perhaps eliminate [her] entitlement to front pay." *Hansard*, 865 F.2d at 1470 (collecting cases).

Ater Bogan's termination from MTD, she did not work for the remainder of 2013, but instead attended school and received unemployment benefits. *See Floca*, 845 F.2d at 113 (finding that the "time a person spends in school learning a new career is an investment for which future benefits are expected. The student is compensated for the time in school by the opportunity for

6

future earnings in the new career and thus suffers no damages during that period."). MTD offered evidence of numerous tool and die job postings that Bogan had not attempted to apply for. When the Court questioned her regarding whether she had been seeking employment, Bogan testified that even though she was not happy with intermittent jobs and she did not find them to be comparable to her MTD position, she did not seek work elsewhere. In fact, during the four years following her termination until trial, Bogan only applied for approximately fifteen jobs. Finally, Bogan also failed to continue her Tool and Die education to remain up to date on recent technological innovations.

"Even when reinstatement is inappropriate, an award of front pay is not automatic." *Carberry v. Monarch Marking Systems, Inc.*, 30 Fed. Appx. 389, 395 (6th Cir. 2002) (citing *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993) (collecting cases)). Indeed, "[n]o per se rule governs the appropriateness of front pay damages in a particular case . . . ultimately, the question to be answered is whether front pay damages are needed in a particular case to make the plaintiff whole." *Carberry*, 30 Fed. Appx. at 395 (citation omitted). Considering the evidence presented, Bogan failed to mitigate her future damages, failed to produce evidence of future damages, and the denial of front pay is proper.

*Nominal Damages*

Although the above findings are perhaps out of the ordinary in cases where there has been a finding of discrimination, in this Court's view, this ruling on damages is fully consistent with the Jury's award of nominal damages. "A plaintiff who establishes a violation of Title VII but fails to prove emotional distress or other actual damages can recover nominal damages." *Benton v. U.S. E.P.A.*, No. 3:06-CV-15910-D, 2014 WL 2862309, *8 (N.D. Tex. 2014) (citing *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 941 (5th Cir. 1996) (finding that the "Fifth Circuit has held that a plaintiff who proves a violation either of his constitutional rights under Section 1981 or of his

statutory rights under Title VII, but no actual injury, is entitled to recover at least nominal damages.") (overruled on other grounds)). "By making the deprivation of [certain 'absolute'] rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed." *McPeters v. Edwards*, 806 F. Supp. 2d 978, 986 (S.D. Tex. Apr. 14, 2011) (citation omitted).

*Conclusion*

After giving full and due consideration to the Fifth Circuit's ruling in this case, for all of the reasons fully discussed above the Plaintiff's request for reinstatement and front pay is DENIED. The Court relied solely on the evidence presented at trial and heard through post-trial motions in this case. Thus, the Court deems the Plaintiff's request for an additional evidentiary hearing [141], and discovery [142] unnecessary and said requests are DENIED.

It is SO ORDERED on this the 27th day of February, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE